**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 96-4594

RANDY NESBITT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-96-44)

Submitted: April 29, 1997

Decided: May 19, 1997

Before WIDENER, MURNAGHAN, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randy Nesbitt, Appellant Pro Se. Helen F. Fahey, United States
Attorney, Robert C. Chesnut, Assistant United States Attorney, Alex-
andria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Randy Nesbitt was convicted of eight counts of bank robbery, 18 U.S.C.A. § 2113(a), (d) (West Supp. 1997), eight counts of use of a firearm during a crime of violence, 18 U.S.C.A.§ 924(c) (West Supp. 1997), and eight counts of being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West Supp. 1997). He was sentenced to 2034 months imprisonment. Nesbitt appeals, and we affirm.

On December 8, 1995, two men robbed a NationsBank in Alexandria, Virginia. A witness gave police the license number of a vehicle he saw leaving the scene. This vehicle was later spotted outside an apartment in Washington, D.C. Agents of the Federal Bureau of Investigation set up surveillance, and some time later observed Nesbitt emerging from the apartment and walking toward the car. He was arrested. A search of his person revealed a loaded weapon matching the description of one used during the robbery, and close to $1000 in cash.

The agents heard screams from the basement apartment Nesbitt had just left. They were aware that the accomplice was still at large. The agents approached the apartment and, using Nesbitt's keys, released three women from the iron security door. The agents conducted a sweep of the apartment. They looked only where one could reasonably expect to find a person. No one was found in the apartment. Agent Showalter, who prepared the affidavit for the search warrant, was not involved in the protective sweep.

Agents stayed in the foyer of the apartment to secure it while Showalter obtained the search warrant. In executing the warrant, police found a great deal of evidence that tied Nesbitt to the robbery that day and to a number of other recent bank robberies in the area. Without ruling on the validity of the protective sweep, the district court denied the motion to suppress evidence discovered during the search on the ground that the agent who obtained the search warrant was not part of the protective sweep, and there was no evidence of any taint from the sweep.

2

On appeal, Nesbitt argues that the trial court erred in denying the motion to suppress the evidence seized from the apartment. We disagree.

The Fourth Amendment does not require suppression of evidence first discovered in an illegal entry, if that evidence is also later discovered with a valid warrant that is genuinely independent of the illegality. Murray v. United States, 487 U.S. 533, 542 (1988). Without deciding on the legality of the protective sweep, we agree with the district court that the evidence used to support the search warrant was genuinely independent of any evidence viewed in the sweep. The warrant was issued based on the facts of the bank robbery, the witness's provision of the license number, the car, and evidence found on Nesbitt at the time of his arrest. The agent who provided the affidavit did not participate in the sweep, and there is no evidence that any evidence was seen during the sweep.

Nesbitt also raises claims concerning his speedy trial rights, the composition of the jury, his right to confront witnesses and to compulsory process, his right to adequate representation and to be present during trial. We have carefully examined the claims, and found them all to be lacking in merit.

Accordingly, we affirm Nesbitt's convictions. Nesbitt has filed numerous motions and documents with the Court. We deny his motions for a transcript at government expense, for production of documents, for general relief, and to strike documents. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3